*105543093*

IN THE DISTRICT COURT IN AND FOR TULSA COUNTY
STATE OF OKLAHOMA

**DISTRICT COURT FILED**
JUN 0 2 2023
DON NEWBERRY, Court Clerk
STATE OF OKLA. TULSA COUNTY

(1) EYAN HOLMSTROM, )
   an individual )
)
   Plaintiff, )
)
v. )
)
(1) UNIVERSITY OF TULSA, )
   an Oklahoma not for profit corporation )
)
   Defendant. )

Case No. **CJ-2023-01967**

Hon. Judge **TRACY L. PRIDDY**

Attorney Lien Claimed

Jury Trial Demanded

## PETITION

COMES NOW, the Plaintiff, Eyan Holmstrom, and for his Complaint against Defendant, The University of Tulsa, states and alleges as follows:

### PARTIES, JURISDICTION, AND VENUE

1. Plaintiff is a citizen of Oklahoma, residing in Tulsa County, Oklahoma.

2. Plaintiff is a former student at Defendant TU

3. Defendant University of Tulsa ("TU") is an Oklahoma not for profit corporation operating a private school in Tulsa County, Oklahoma.

4. The acts giving rise to this lawsuit occurred in Tulsa County, Oklahoma.

5. This Court has jurisdiction as a court of general jurisdiction and venue is proper in Tulsa County, Oklahoma.

### FACTUAL ALLEGATIONS

6. Plaintiff incorporates as if re-alleged all preceding paragraphs.

1

EXHIBIT 5
Page 1 of 6

7. In March of 2019, Plaintiff and Jane Doe[1] attended a formal event together in Branson, MO. Ms. Doe was Plaintiff's date. The event took place over the course of a weekend, from Friday through Sunday and Plaintiff had a hotel room with a fellow fraternity brother and his date at the resort where the formal was held.

8. In the months leading up to the formal, Plaintiff and Ms. Doe engaged in several consensual sexual acts.

9. On Sunday night of the formal event, Ms. Doe and Plaintiff drank alcohol and attended the formal dinner and dance together. They engaged in sexual intercourse in their hotel room.

10. Defendant then proceeded to expel C.M., and her brother, on the basis that C.M.'s alleged comment was homosexual and constituted sexual misconduct.

11. Around (10) months following the event, a friend of Ms. Doe shouted "There is a rapist at your party" in the presence of TU campus security while on her way out of a party hosted at Plaintiff's fraternity house. Campus security followed her from the party and questioned her about her statement. The friend, who was not present in Branson, MO during the formal, accused the Plaintiff of sexually assaulting her friend, Ms. Doe. An investigation was initiated, and Title IX proceedings occurred in which there were two hearings and two appeals. Said proceedings and the serious irregularities and discriminatory conduct of those involved in carrying out said proceedings have given rise to this action.

12. Plaintiff was treated as guilty by Defendants Matt Warren and Larry Putman from the beginning of the proceedings. He was treated in a demeaning and humiliating manner by both individuals.

---

[1] Party is using an anonymous pseudonym to protect her identity.

2

EXHIBIT 5
Page 2 of 6

13. Defendants violated Plaintiff's rights under Title IX by, *inter alia*, denying Plaintiff the same opportunity afforded Ms. Doe to access witness lists and investigation materials and was therefore denied the same opportunity as Ms. Doe to prepare for and defend against the claim of sexual assault.

14. The Defendants allowed Ms. Doe to have friends attend the hearings who gave character statements in favor of Ms. Doe and against the Plaintiff – in clear violation of Defendant's policies and procedures for Title IX hearings.

15. The First Hearing Board found that Plaintiff had, more likely than not, sexually assaulted Ms. Doe.

16. Plaintiff appealed and the First Appeal Board – after a month of deliberations – reversed the First Hearing Board's decision based on the procedural irregularities raised by Plaintiff. The First Appeal Board noted specifically that the character witnesses presented by Ms. Doe were impermissible.

17. While the First Appeal Board was deliberating Plaintiff's appeal, Defendant Larry Putman adjudicated a separate student conduct violation against Plaintiff. Specifically, a trespass ban had been imposed on Plaintiff and other members of his fraternity for approximately two months from April 6, 2020 to May 31, 2020. Defendant Putman subsequently suspended Plaintiff on July 21, 2020 until December 30, 2020 because his vehicle was spotted on campus on June 26, 2020 – nearly an entire month after the trespass ban expired.

18. Plaintiff appealed this suspension for the obvious reason that the trespass ban had expired on May 31, 2020 when his vehicle was found on campus on June 26, 2020. This appeal was pending when his Second Hearing Board was taking place.

19. Despite the pending appeal – and despite having no bearing on or relevance to the accusations leveled by Ms. Doe – Putman and Warren introduced evidence of the trespass ban violation to the Second Hearing Board who then referenced this unrelated matter in their decision.

20. Warren and Putman also allowed the very same character witnesses from the first hearing to appear before the Second Hearing Board, in defiance of the First Appeal Board's decision and in continued violation of TU's own procedures. Furthermore, the Plaintiff was not informed that the character witnesses would be present at the second hearing.

21. Plaintiff was subsequently found responsible for sexual assault and expelled.

22. Plaintiff again appealed, citing the very same violations of Defendant's own policies and the introduction of the prejudicial, unrelated, and pending-appeal trespass ban violation as reasons for a new hearing.

23. The Second Appeal Board rendered its decision within 72 hours and upheld the Second Hearing Board's decision and Plaintiff's expulsion.

24. This decision was rendered on the evening of August 13, 2020 – mere hours before changes to Title IX rules went into effect on August 14, 2020 which would have taken this matter outside the umbrella of Defendant's Title IX enforcement as the alleged events took place off campus and out of state.

25. The factual allegations set forth above illustrate only some of the ways Defendants unfairly discriminated against Plaintiff because of his gender.

26. Plaintiff was expelled and forced to seek enrollment at a new university.

27. Plaintiff's reputation has also been harmed by these proceedings in that Plaintiff has been approached by total strangers who are unconnected to this situation and has been told he

is dangerous and should not be around women or allowed to attend TU, despite the fact that Plaintiff had been expelled.

## CLAIM FOR RELIEF

### BREACH OF CONTRACT

28. Plaintiff incorporates as if re-alleged all preceding paragraphs.

29. Plaintiff entered a contract, either express, oral, and/or implied with Defendant for educational services in exchange for tuition.

30. Defendant TU breached the terms of said contract and breached the covenant good faith and fair dealing in expelling Plaintiff on unreasonable and unlawful grounds.

31. Defendant TU's breach was the actual and proximate cause of Plaintiff's damages.

32. As a result of said breach, Plaintiff has suffered injuries including lost tuition, lost opportunities, mental anguish, emotional distress, other actual damages, and punitive damages in excess of seventy-five thousand dollars ($75,000.00).

**WHEREFORE**, based on the foregoing, Plaintiff prays that this Court grant the relief sought, including, but not limited to, actual damages in excess of Seventy-Five Thousand Dollars ($75,000.00), with interest, punitive damages in excess of Seventy-Five Thousand Dollars ($75,000.00), the costs of bringing this action, a reasonable attorney's fee, along with such other relief as deemed just and equitable.

Respectfully submitted,

*[signature]*

Daniel E. Smolen, (OBA#19943)
**SMOLEN & ROYTMAN**
701 South Cincinnati Avenue
Tulsa, OK 74119
(918) 585-2667
(918) 585-2669 (Fax)
danielsmolen@ssrok.com

Mark A. Smith, OBA No. 31231
Caruso & Smith, PLLC
2021 South Lewis Ave, Suite 720
Tulsa, Oklahoma 74104
(918) 583-5900 (Office)
(918) 583-5902 (Fax)
mark.smith@smithlegalok.com

*Attorneys for Plaintiff*