UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| EYAN HOLMSTROM, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Case No. 23-CV-0253-CVE-CDL |
| | ) |
| UNIVERSITY OF TULSA, | ) |
| | ) |
| | ) |
| Defendant. | ) |

**OPINION AND ORDER**

Before the Court is plaintiff's motion to remand (Dkt. # 12) and defendant's response (Dkt. # 13). Defendant The University of Tulsa (TU) removed this case to federal court under 28 U.S.C. §§ 1331, 1441(a), and 1446, based on the substantial federal question doctrine. Dkt. # 2. Plaintiff filed a motion to remand clarifying that he alleges "only one claim for relief-a state law breach of contract claim." Dkt. # 12, at 3. Defendant responds that it properly removed the case under the substantive federal question doctrine, as plaintiff's state-law claim raises substantial questions of federal law, specifically plaintiff's rights under Title IX, 20 U.S.C. § 1681. Dkt. # 13.

This is not the first time this matter has come before this Court. Plaintiff previously attempted to bring a Title IX claim for discrimination and retaliation against defendant. See Amended Complaint, Holmstrom v. Univ. of Tulsa, No. 22-CV-0408-CVE-JFJ, 2023 WL 3311842 (N.D. Okla. Oct. 7, 2022). The Court dismissed plaintiff's amended complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim under Title IX. Holmstrom v. Univ. of Tulsa, No. 22-CV-0408-CVE-JFJ, 2023 WL 3311842 (N.D. Okla. May 8, 2023). Subsequently, plaintiff filed the present action for breach of contract in Tulsa County District Court. Dkt. # 2-5. On June 26, 2023, defendant removed the action based on the substantive federal question doctrine, which

permits federal question jurisdiction over certain "state-law claims that implicate significant federal issues." Dkt. # 2, at 3 (quoting Grable & Sons Metal Prod., Inc. v. Darue Eng'g & Mfg., 545 U.S. 308, 312 (2005)). Plaintiff now moves to remand, arguing that his state-law claim is not premised on federal law. Dkt. # 12, at 3.

The factual allegations in the present petition are identical[1] to those in plaintiff's amended complaint from the previously dismissed action. The only distinction is that plaintiff does not bring a Title IX claim; instead, he alleges that he "entered a contract, either express, oral, and/or implied with [d]efendant for education services in exchange for tuition," and that defendant "breached the terms of said contract and breached the covenant [of] good faith and fair dealing in expelling [p]laintiff on unreasonable and unlawful grounds." Id. at 5. Defendant contends that the claim is premised on Title IX, and that plaintiff alleges that TU "breached the contract by expelling him on 'unlawful grounds,' in 'violat[ion of his] rights under Title IX.'" Dkt. # 13, at 2 (quoting Dkt. # 2-5, at 3, 5) (alterations in original).

Removal to federal court is permitted for "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). District courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

---

[1] Plaintiff's present petition contains one additional fact that was not alleged in the earlier action: "Defendant then proceeded to expel C.M., and her brother, on the basis that C.M.'s alleged comment was homosexual and constituted sexual misconduct." Dkt. # 2-5, at 2. The Court understands the inclusion of this "fact" to be erroneous, as no other facts in the petition refer to "C.M." nor a "brother" and, as defendant states in its notice of removal, this was a "typographical error" and this particular allegation comes from a petition filed in a separate lawsuit by plaintiff's counsel on behalf of a different client. Dkt. # 2, at 2 n. 1. Aside from the erroneous inclusion of this one unrelated allegation, the factual allegations in the current petition are identical to those from plaintiff's earlier amended complaint.

2

Where a defendant chooses to exercise the right of removal, it must file a notice of removal "within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . [or] after receipt by the defendant . . . of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b). "[G]iven the limited scope of federal jurisdiction, there is a presumption against removal, and courts must deny such jurisdiction if not affirmatively apparent on the record." Okla. Farm Bureau Mut. Ins. Co. V. JSSJ Corp., 149 F. App'x 775, 778 (10th Cir. 2005).[2]

Under § 1446(b), a defendant's 30 day period to file a notice of removal begins when the defendant "is able 'to intelligently ascertain removability so that in his petition for removal he can make a simple and short statement of the facts'" supporting removal. Huffman v. Saul Holdings Ltd. Partnership, 194 F.3d 1072, 1078 (10th Cir. 1999) (quoting DeBry v. Transamerica Corp., 601 F.2d 480, 489 (10th Cir. 1979)). The 30 day time period for removal "does not begin until the plaintiff provides the defendant with 'clear and unequivocal notice' that the suit is removable." Paros Properties LLC v. Colorado Casualty Ins. Co., 835 F.3d 1264, 1269 (10th Cir. 2016).

Generally, the "well-pleaded complaint" rule requires that the federal question appear on the face of the plaintiff's properly pleaded complaint. See Garley v. Sandia Corp., 236 F.3d 1200, 1207 (10th Cir. 2001) ("The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.") (citing Caterpillar

---

[2] This and all other unpublished decisions are not precedential, but are cited for their persuasive value. See Fed. R. App. 32.1; 10th Cir. R. 32.1.

3

Inc. v. Williams, 482 U.S. 386, 392 (1987)). "The complaint must identify the statutory or constitutional provision under which the claim arises, and allege sufficient facts to show that the case is one arising under federal law." Martinez v. United States Olympic Comm., 802 F.2d 1275, 1280 (10th Cir. 1986)).

Here, defendant removed the action on the basis of the substantive federal question doctrine, Dkt. # 2, which is an exception to the well-pleaded complaint rule. Bd. of Cnty. Commissioners of Boulder Cnty. v. Suncor Energy (U.S.A.) Inc., 25 F.4th 1238, 1255 (10th Cir. 2022), cert. denied, 143 S. Ct. 1795 (2023) (stating "state-law claims [that] necessarily raise a substantial, disputed federal question" are an exception to the well-pleaded complaint rule). However, defendant's removal is premature. Despite defendant's argument to the contrary, plaintiff's single claim for breach of contract makes no mention of Title IX. It states only that the parties had a contract and defendant breached the contract and violated the covenant of good faith and fair dealing by "expelling Plaintiff on unreasonable and unlawful grounds." Dkt. # 2-5, at 5. Defendant combines different sections of plaintiff's petition to argue that plaintiff's claim is that "TU breached the contract by expelling him on 'unlawful grounds,' in "violat[ion of his] rights under Title IX.'" Dkt. # 13, at 2 (quoting Dkt. 2-5, at 3, 5) (alterations in original). However, plaintiff makes no such claim. While the petition discusses the Title IX proceedings and his "rights under Title IX," id. at 3, plaintiff's claim is not premised on Title IX, but on an alleged contract between the parties and whether TU's handling of investigation and hearings breached that contract. His claim is that TU expelled him "on unreasonable and unlawful grounds." Id. at 5. It does not allege that the "unlawful grounds" were in violation of his rights under Title IX; defendant added that qualification. The Court finds that plaintiff's petition alleges a state law claim for breach of contract only, and not

4

based on his rights under Title IX.³  Defendant's removal based on the substantive federal question doctrine is premature, as it is not affirmatively apparent that plaintiff's breach of contract claim is based on his rights under Title IX.⁴  Therefore, based on the current pleadings, this Court has no jurisdiction over plaintiff's state-law breach of contract claim, and it must be remanded to the Tulsa County District Court.⁵

Plaintiff also seeks costs and attorney fees pursuant to 28 U.S.C. § 1447(c). Dkt. # 12, at 3. "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." Martin v. Franklin Cap. Corp., 546 U.S. 132, 141 (2005). While defendant's removal was premature, it was not entirely unreasonable. Given that plaintiff's petition contains the exact same factual allegations which earlier provided the basis for his Title IX claim, it is understandable that defendant might have thought that Title IX would form the basis of plaintiff's breach of contract claim. Even though as stated above that understanding of the petition was mistaken, the Court does not find that defendant lacked any

---

<sup>3</sup> To the extent that the petition alleges a claim based on discrimination and retaliation under Title IX, such a claim is precluded, as the factual allegations are exactly the same as those which the Court previously held do not state a claim upon relief may be granted. Holmstrom v. Univ. of Tulsa, No. 22-CV-0408-CVE-JFJ, 2023 WL 3311842 (N.D. Okla. May 8, 2023)

<sup>4</sup> As pleaded, plaintiff's breach of contract claim is not based on Title IX, and so the Court does not rule on the substantive federal question doctrine issue.

<sup>5</sup> The Court takes no position on whether plaintiff and defendant entered in an "express, oral, and/or implied contract," nor whether, if such a contract exists, the implied covenant of good faith and fair dealing applies to it. These contract questions are governed by the laws of the State of Oklahoma, and the state court is best suited to address them.

5

"objectively reasonable basis for seeking removal." Therefore, plaintiff's request for costs and attorney fees related to his motion to remand should be denied.

**IT IS THEREFORE ORDERED** that plaintiff's motion to remand (Dkt. # 12) is **granted**, and this matter is **remanded** to Tulsa County District Court. However, plaintiff's request for costs and attorney fees in making his motion to remand is **denied.**

**IT IS FURTHER ORDERED** that all pending deadlines, including the July 29, 2024 pretrial conference and the August 19, 2024 jury trial, are hereby **stricken**.

**DATED** this 22nd day of August, 2023.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE